IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIAM ROBERT CORLEY**                                                             **PLAINTIFF**

v.                                                                                        **NO: 3:18-cv-00042-M**

**CORELOGIC SOLUTIONS, LLC**                                         **DEFENDANTS**
**And JOHN DOES 1-5**

## MEMORANDUM OPINION

This cause comes before the Court on Defendant's *Motion for Judgment on the Pleadings* [16]. The Court, having reviewed the motion, the parties' submissions, the complaint, and applicable authority, is now prepared to rule.

## Factual Background

Plaintiff, William Robert Corley, was employed by FNC, Inc. on March 4, 2013 in Oxford, Mississippi. In late 2014, Plaintiff informed his supervisors and the Human Resources Department that he desired to move to Colorado and wished to work remotely. By the end of 2015, Plaintiff's supervisors and other corporate officials were aware of Plaintiff's desire to move to Colorado.

In 2016, CoreLogic, Inc., Defendant, acquired FNC, Inc.. By April 2016, Plaintiff was now employed by CoreLogic Solutions, LLC as a technical business analyst. A few months later in June 2016, Director of Research and Development, Raju Alluri, discussed with Plaintiff about working as an engineer in the Research and Development department. Plaintiff then informed Mr. Alluri and Mr. Marsalis, his superiors, about his desire to work remotely from Colorado. His superiors agreed that he could work remotely.

In July 2016, Plaintiff began his work in the Research and Development department while at the same time continuing his work as a technical business analyst. That same summer, Plaintiff

began making plans for his move to Colorado: he made improvements to his home in Oxford; searched for a property in Colorado; listed his Oxford home; and sold his Oxford home.

On October 28, 2016, Director Raju Alluri provided Plaintiff with a letter stating that he would be permitted to work remotely from Colorado. Shortly thereafter Plaintiff closed on his home in Colorado and moved in November 2016.

On January 6, 2017, Plaintiff received a letter from Maria Nalywayko, Senior Vice President for the Human Resources & Strategic Project Administration, informing him that he could no longer work remotely as the company was implementing a new standard requiring that all work be office-based. The letter required Plaintiff to either "choose to commute to the nearest CoreLogic office no later than March 31, 2017" or "choose to take a separation package rather than commuting to a CoreLogic location" no later than February 3, 2017. Plaintiff chose the separation package and returned the acknowledgement form on February 3, 2017.

Plaintiff's separation date was March 31, 2017, and Plaintiff did not sign a separation agreement with Defendant.

In his complaint, filed February 20, 2018, Plaintiff states that CoreLogic did not apply the new policy consistently among its employees and granted some employees extensions or exemptions. Plaintiff argues that the new policy was implemented to target and terminate him in order to: remove a highly-compensated employee from payroll; remove an employee who was due for a promotion; and remove an employee who posed a perceived threat and competition to his supervisors. Plaintiff alleges claims for breach of contract, promissory estoppel, and a breach of the covenant of good faith and fair dealing.

Defendant, on July 21, 2018, filed this motion for judgment on the pleadings.

**Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In considering Rule 12(c) motions the court relies on the same standard as that of a Rule 12(b)(6) motion. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). In a motion for a judgment on the pleadings "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes c. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Such a motion "is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). Moreover, in ruling on a motion for a judgment of the pleadings, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Id.* (citing *St. Paul Ins. Co. v. AFLA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

**Discussion**

Defendant argues that this Court should grant its Motion for Judgment on the Pleadings with respect to Plaintiff's breach of contract claim, promissory estoppel claim, and breach of the covenant of good faith and fair dealing claim. The Court, per the following discussion, finds that Defendant is entitled to judgment on the pleadings as to all three claims.

A. **Breach of Contract Claim**

"It is well established that Mississippi adheres to the common law doctrine of employment at will." *Gibbs v. Porterville Water Ass'n Bd. of Directors*, 203 So.3d 661, 665 (Miss. Ct. App. 2016) (citing *Kelly v. Miss. Valley Gas Co.*, 397 So.2d 874, 874 (Miss. 1981)). "In the absence of

a contract of employment for a specific term, all employees are deemed to be at-will." *Rosamond v. Pennaco Hosiery, Inc.*, 942 F.Supp 279, 285 (N.D. Miss. 1996) (citing various cases). "Without a written confirmation of length of employment, [an individual] remain[s] an employee at will subject to dismissal for a good reason, a wrong reason, or no reason at all." *Solomon v. Walgreen Co.*, 975 F.2d 1086, 1090 (N.D. Miss. 1992) (citing *Robinson v. Coastal Family Health Ctr., Inc.*, 756 F.Supp. 958, 961 (S.D. Miss. 1990)). However, under two public policy exceptions to the at-will doctrine, "an employee may not be fired for 1) refusing to commit an illegal act for his employer, or 2) reporting an illegal act of his employer to authorities." *Rosamond*, 942 F.Supp. at 285 (citing *McArn v. Allied-Terminix*, 626 So.2d 603 (Miss. 1993)).

Here, Plaintiff does not contend that his claim meets one of the exceptions, and the Court does not find the public policy exceptions applicable to this case. The Court must, then, determine whether the parties entered into an enforceable agreement stating that Plaintiff would be allowed to work remotely for a definite period of time, or whether the employment relationship remained at-will.

After review of the Complaint and the submission of the parties, including the two exhibits submitted by Plaintiff in his response and the exhibits attached to the complaint, the Court finds that the complaint does not support a claim for breach of contract. Plaintiff has failed to establish that the parties entered into an enforceable contract requiring Defendant to allow him to work remotely for a specified time. It appears to this Court that there is an absence of a contract stating a specific term of employment (that Defendant agreed to allow Plaintiff to work remotely until a certain date). The letter from Director Raju Alluri simply states that "Rob Corley is permitted to work remotely from Colorado." The letter is too indefinite as it does not define or state a definite term for the remote employment. Additionally, the exhibits attached to Plaintiff's response do

4

nothing to suggest that the parties agreed to a specified term for the remote work—the exhibits are e-mails in which Plaintiff discusses his situation and possible options. Therefore, the relationship remained at-will and Defendant could dismiss Plaintiff for any reason or no reason at all. As such, this claim should be dismissed.

### B. Promissory Estoppel Claim

The Court now considers whether Plaintiff has a claim under promissory estoppel. Promissory estoppel requires (1) the making of a promise, even without consideration; (2) the intention that the promise be relied upon and in fact is relied upon; and (3) a refusal to enforce it would virtually sanction the perpetuation of fraud or would result in other injustice. *C.E. Frazier Constr. Co. v. Campbell Roofing & Metal Works, Inc.*, 373 So.2d 1036, 1038 (Miss. 1979). However, "[t]he law of Mississippi does not regard estoppels with favor…". *Walley v. Steeples*, 297 F.Supp.2d 884, 888 (N.D. Miss. 1996) (citing *PMZ Oil Co. v. Lucroy*, 449 So.2d 201, 206 (Miss. 1984)).

Here, there are no facts to suggest that Plaintiff was made a promise that Defendant would allow him to work remotely for a specific period of time. Instead, the facts establish that Defendant allowed Plaintiff to work remotely but Plaintiff, nonetheless, always remained an at-will employee. Being that an at-will employee can be terminated at any point, with or without reason, this was a risk Plaintiff took—his relocating does not invoke the doctrine of promissory estoppel. Plaintiff's promissory estoppel claim is without merit and must be dismissed.

### C. Breach of Covenant of Good Faith and Fair Dealing Claim

The Court finds that Plaintiff's claim for a breach of the covenant of good faith and fair dealing must be dismissed. Although this implied covenant is inherent in all other contracts under Mississippi law, it is not applicable in at-will employment relationships. *See Jones v. Miss.*

*Institutions of Higher Learning*, -- So.3d -- 2018 WL 3953409, *8–9 (Miss. Ct. App. Aug. 14, 2018); *see also Young v. N. Miss. Med. Ctr.*, 783 So.2d 661, 663 (Miss. 2001); *see also Hartle v. Packard Elec.*, 626 So.2d 106, 110 (Miss. 1993). As stated above, the Court finds that Plaintiff had an at-will employment relationship with Defendant and failed to establish or allege facts to suggest to this court that the parties entered into a contract for a specified term. Because the employment relationship in this case was at-will, the implied covenant of good faith and fair dealing is inapplicable. Such finding renders Plaintiff's claim for a breach of the covenant of good faith and fair dealing meritless and Defendant is entitled to a judgment in its favor regarding this claim.

## Conclusion

Therefore, the Court GRANTS Defendant's *Motion for Judgment on the Pleadings* [16]. A separate order shall issue this day.

This the 20th day of December, 2018.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI